1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7                  DISTRICT OF NEVADA
8                        * * *
9   MIGUEL CASILLAS-GUTIERREZ,          Case No. 3:13-cv-00448-MMD-WGC
10                      Petitioner,                 ORDER
11        v.
12  LEGRAND, et al.,
13                      Respondents.
14

15          This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

16  2254, by a Nevada state prisoner represented by counsel.

17          On May 6, 2014, petitioner filed an amended petition and exhibits. (Dkt. nos. 11-

18  17.) Concurrent with the filing of the amended petition, petitioner brought a motion for

19  leave file documents under seal. (Dkt. no. 18.) Petitioner seeks to file under seal a

20  presentence report containing confidential information regarding petitioner, as well as

21  photographs and medical records of a Sexual Assault Response Team (SART) nurse's

22  examination of the alleged victim, A.B. These items were submitted under seal for *in*

23  *camera* review.  (Dkt. no. 17.)

24          There is a strong presumption in favor of public access to judicial filings and

25  documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see*

26  *also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006);

27  *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court

28  has inherent power over its own records and files, and access may be denied where the

1   court determines that the documents may be used for improper purposes." *Nixon v.*

2   *Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34

3   (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.

4   2006).

5        The Ninth Circuit distinguishes between dispositive and nondispositive pleadings

6   and motions in terms of the showing required to seal a document. For a document filed

7   with a dispositive motion, "compelling reasons" must be shown to justify sealing the

8   document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast,

9   for documents filed with non-dispositive motions, a "good cause" showing will suffice to

10  keep the records sealed. *Id.* This is based on the reasoning that the public has less

11  need for access to records that are merely tangentially related to the underlying cause

12  of action. *Id.* at 1179. A showing of good cause generally requires a specific description

13  of the particular document(s) sought to be sealed and a showing that disclosure of such

14  documents would work a "clearly defined and serious injury." *Pansy v. Borough of*

15  *Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a

16  protective order, the court must balance the potential harm to the moving party's

17  interests against the public's right to access the court files. *Kamakana v. City and*

18  *County of Honolulu*, 447 F.3d at 1179-89.

19       The presentence report of petitioner and the photographs and medical records

20  regarding the SART nurse's examination of the alleged victim, A.B., were submitted in

21  support of the amended petition. In the instant case, the presentence report (Exhibit 13)

22  contains confidential information concerning petitioner, as defined under NRS 176.156.

23  The medical records (Exhibits 89-95) of the SART nurse's examination of the alleged

24  victim, A.B., contain graphic photographs of A.B.'s genital area. On balance, the

25  potential harm to the parties' and alleged victim's interests outweigh the public's right to

26  access the presentence report (Exhibit 13) and the SART examination photographs and

27  medical records (Exhibits 89-95). Petitioner has made an adequate showing of

28  compelling reasons to keep the presentence report (Exhibit 13) and the SART

examination photographs and medical records (Exhibits 89-95) sealed.  Accordingly, the Court grants petitioner's motion to seal these documents.

It is therefore ordered that petitioner's motion to seal (dkt. no. 18) the presentence report (Exhibit 13) and the SART examination photographs and medical records (Exhibits 89-95) is granted. The Clerk of Court shall keep these documents filed under seal.

DATED THIS 8th day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3