UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL CASILLAS-GUTIERREZ,<br><br>　　　　　　　Petitioner,<br>　　v.<br><br>LEGRAND, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:13-cv-00448-MMD-WGC<br><br>ORDER |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. Before the Court are respondents' motion to dismiss (dkt. no. 22) and petitioner's motion for a stay and abeyance (dkt. no. 24).

**I.   PROCEDURAL HISTORY**

Pursuant to a jury trial in the Second Judicial District for the State of Nevada, petitioner was convicted of one count of sexual assault and three counts of open or gross lewdness. (Exh. 57.)[1] For the count of sexual assault, petitioner was sentenced to a maximum life term with a minimum parole eligibility of ten years. (*Id.*) On the lewdness counts, petitioner was sentenced to twelve-month terms, all running consecutive to the sexual assault count. (*Id.*). Petitioner pursued a direct appeal. (Exh. 58.) On March 10, 2010 the Nevada Supreme Court affirmed petitioner's convictions and sentences. (Exh. 63.)

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. nos. 12-16, 32, and 34.

On July 9, 2010, petitioner, acting in *pro se*, filed a post-conviction habeas petition in the state district court. (Exh. 69.) Petitioner sought the appointment of counsel to assist with his post-conviction proceedings. (Exh. 66.) The state district court granted petitioner's motion and attorney Robert Story was appointed as petitioner's attorney for post-conviction proceedings. (Exhs. 71 & 72.) On January 21, 2011, through his counsel, petitioner filed a supplemental petition. (Exh. 73.) An evidentiary hearing was held on January 24, 2012. (Exh. 76.) By written order filed February 27, 2012, the state district court denied the petition. (Exh. 77.) Still with the assistance of counsel, petitioner filed a timely notice of appeal. (Exh. 78.) On May 13, 2013, the Nevada Supreme Court affirmed the denial of petitioner's post-conviction habeas petition. (Exh. 82.) Remittitur issued on June 7, 2013. (Exh. 83.)

Petitioner dispatched his original *pro se* habeas petition to this Court on August 19, 2013. (Dkt. no. 4.) On September 27, 2013, this Court granted petitioner's motion for the appointment of counsel and appointed the Federal Public Defender to represent petitioner in this proceeding. (Dkt. no. 3.) On October 22, 2013, the Federal Public Defender entered a notice of appearance as petitioner's counsel of record. (Dkt. no. 6.) Through appointed counsel, petitioner filed a first amended petition on May 6, 2014. (Dkt. no. 11.)

On July 9, 2014, respondents filed the instant motion to dismiss the petition as unexhausted. (Dkt. no. 22.) On July 24, 2014, petitioner filed a response to the motion to dismiss in which petitioner acknowledged that Grounds 2 and 3 are unexhausted. (Dkt. no. 23.) Concurrently, petitioner filed a motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. no. 24.) On September 10, 2014, respondents filed a reply in support of the motion to dismiss and an opposition to petitioner's motion for a stay and abeyance. (Dkt. nos. 30 & 31.) On December 2, 2014, petitioner filed a reply to respondents' opposition to the motion for a stay. (Dkt. no. 33.) The Court now considers respondents' motion to dismiss and petitioner's motion for a *Rhines* stay and abeyance.

## II. DISCUSSION

Respondents assert that Grounds 2 and 3 of the first amended petition are unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A federal court should not entertain a petition for a writ of habeas corpus unless the petitioner has exhausted available and adequate state court remedies with respect to each of the claims contained in the petition. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). In the case of a "mixed" petition containing both exhausted and unexhausted claims, petitioner has the following options: (1) He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2) he may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) he may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims. *See Rose v. Lundy,* 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269; *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

In the instant case, petitioner acknowledges in his first amended petition that Grounds 2 and 3 are unexhausted. (Dkt. no. 11 at 11, 31.) In his response to the motion

to dismiss and motion for a stay and abeyance, petitioner again acknowledges that Grounds 2 and 3 are unexhausted. (Dkt. nos. 23 & 24 at 2.) Petitioner informs the Court that he has already filed a petition in the state district court raising the same claims as are asserted in Grounds 2 and 3 of the first amended petition. (*Id.*) That petition is pending in the Second Judicial District Court for the State of Nevada. (Exh. 98.) Petitioner seeks a stay and abeyance pursuant to *Rhines v. Weber*, so that he may continue to exhaust his claims in state court.

In *Rhines v. Weber*, 544 U.S. 269, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court in *Rhines* went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The United States Supreme Court has also stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). *Id.* More recently, the Ninth Circuit has held that ineffective assistance of counsel by post-conviction counsel

4

can constitute good cause to obtain a *Rhines* stay. *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). In so holding, the Ninth Circuit noted that its decision was consistent with *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), in which the United States Supreme Court held that ineffective assistance by state post-conviction counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Blake*, 745 F.3d at 983 (quoting *Martinez*, 132 S.Ct. at 1315). The Ninth Circuit in *Blake* concluded that: "We believe that good cause under *Rhines*, when based on IAC [ineffective assistance of counsel], cannot be any more demanding than a showing of cause under *Martinez* to excuse state procedural default." *Blake*, 745 F.3d at 983-84.

In the instant case, petitioner's federal petition is undisputedly a mixed petition. Petitioner has demonstrated good cause under *Rhines* for failing to exhaust Grounds 2 and 3 prior to filing his federal petition. Further, Grounds 2 and 3 of the amended petition are not "plainly meritless" under the second prong of the *Rhines* test. Finally, there is no indication that petitioner engaged in dilatory litigation tactics. The Court has considered and rejected respondents' points in opposition to petitioner's motion for a stay. This Court concludes that petitioner has satisfied the criteria for a stay under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

## III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 22) is granted insofar as Grounds 2 and 3 of the amended petition are unexhausted.

It is further ordered that petitioner's motion for a *Rhines* stay and abeyance (dkt. no. 24) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims.

It is further ordered that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court

and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 25th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE